IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

Vicki Gray,                                    )
                                               )   Case No. 12 C 50074
        Plaintiff                              )
                                               )
    vs.                                        )
                                               )
Harbor Crest, et al.,                          )
                                               )   Judge Philip G. Reinhard
        Defendant                              )
                                               )

## ORDER

For the reasons stated below, defendants' motion for summary judgment is granted. Judgment is entered in favor of defendants and against plaintiff. This case is terminated.

## STATEMENT - OPINION

Plaintiff, Brandon Gray, as administrator of the estate of Vicki Gray, deceased,[1] brings this action against defendants, Harbor Crest (Vicki's former employer) (Count I) and Myra Chattic (Vicki's former supervisor) (Count II). The complaint alleges Vicki was terminated by defendants, in violation of the Family Medical Leave Act, 28 U.S.C. § 2601 et seq. ("FMLA"), in retaliation for taking sick leave. Jurisdiction is proper under 28 U.S.C. § 1331. Defendants move for summary judgment.

Harbor Crest is a nursing home and Chattic is its administrator. Vicki began working for Harbor Crest in 1979 as a nurse's aid. At the time of her termination, on April 8, 2011, Vicki was the activities director. The activities director is a department head who reports directly to the administrator. As activities director, Vicki was responsible for overseeing, coordinating and planning activities for Harbor Crest's residents.

In 2010, Harbor Crest had 54 residents and 85 employees. It was losing money. Harbor Crest's board of directors hired Chattic as administrator in August 2010 with the express direction to cut costs. At the time Chattic arrived, there were several departments at Harbor Crest and each department had a department head and an assistant. In November 2010, Vicki took FMLA leave for surgery she needed. She returned to work after this leave.

In February 2011, the president of the board of directors held an all-staff meeting at

_____

[1] Vicki Gray died on April 18, 2012, shortly after filing this action. Brandon Gray, as administrator of her estate, was substituted as plaintiff on 6/13/2012.

which he explained that layoffs would be occurring.  It is undisputed that a number of employees were laid-off due to the financial problems.  Chattic says Vicki was selected for the layoff, rather than her assistant or other members of her department, because Chattic determined Vicki was not really doing any work.  Other people in the department were doing it.  According to Chattic, Vicki did not implement any new programs, while Chattic was administrator, despite Chattic asking her to do so.

Vicki died without being deposed in this case.  Plaintiff relies on statements made by Vicki in conjunction with her Illinois Human Rights charge.  These statements in essence say no one ever told Vicki she had any performance problems or that she was going to be included in a cost-saving layoff.  Plaintiff supplies evidence from other Harbor Crest employees that plaintiff, in fact, did institute new programs.

Plaintiff can establish a prima facie case of retaliation for taking FMLA leave under either the direct or indirect method.  Cracco v. Vitran Express, Inc., 559 F.3d 625, 633 (7th Cir. 2009). Under the direct method, plaintiff must show (1) Vicki engaged in protected activity; (2) an adverse employment action was taken against her; and (3) there is a causal connection between the protected activity and the adverse employment action.  Id.  The proof of discrimination may be via circumstantial evidence.  Id.

Vicki took protected leave and she was terminated so the first two prongs are met. However, there is no evidence, circumstantial or otherwise, that the two are in any way connected.  There is nothing to suggest that Vicki taking FMLA leave had anything to do with her termination.

Under the indirect method, plaintiff must show (1) Vicki engaged in protected activity: (2)she met her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) she was treated less favorably than similarly situated employees who did not engage in protected activity.  Id. at 634-35.  If plaintiff establishes the prima facie case, then the burden shifts to defendants to produce a legitimate reason for the adverse action.  Id. at 635.  If defendants do so, then the burden shifts back to plaintiff to show that the reasons are false and only a pretext.  Id.  Sometimes the analysis of the "meeting legitimate expectations" prong of the prima facie case merges with the pretext analysis.  Smiley v. Columbia College Chicago, 714 F.3d 998, 1002 (7th Cir. 2013).  This is such a case.  In cases where a force reduction is occurring, the court must remember it is dealing "with small gradations, with an employer's subjective comparison of one employee to another, and it is incumbent upon [the court] to remember that what is at issue is not the wisdom of an employer's decision, but the genuineness of the employer's motives."  Martino v. MCI Communications Services, Inc., 574 F.3d 447, 454 (7th Cir. 2009) (quotation marks and citation omitted).

As noted above, the first and third prongs are met.  The question is whether plaintiff has presented evidence that defendants' decision to lay off Vicki because it viewed her performance to be inferior to that of others in the department, and therefore, that it was better for Harbor Crest to lay her off than any of the others, is false and merely a cover for terminating her for using FMLA leave.  Plaintiff has not presented evidence that show pretext.

Plaintiff's evidence does not refute Chattic's testimony about her decision to lay off Vicki rather than others because she believed others were doing the work in Vicki's department. Plaintiff offers a newsletter that indicates the activities department is "planning some new

programs." Plaintiff offers the affidavit of a co-worker stating Vicki did implement new programs. However, this does not show that Chattic was actually satisfied with what Vicki was doing or that Chattic did not believe others in the department were doing the work and more valuable to Harbor Crest. The evidence shows Harbor Crest was having financial problems and decided to lay off some employees. Harbor Crest's "subjective comparison of one employee to another," id, led to Vicki being laid off and other employees retained. This may not have been a good decision but there is no evidence the reasons given for it were not genuine.

For the foregoing reasons, defendants' motion for summary judgment is granted. Judgment is entered in favor of defendants and against plaintiff. This case is terminated.

Date: 7/15/2013

_Philip G. Reinhard_

_____

United States District Court Judge

Electronic Notices. (cjr)